MARGARET IRELAND, executrix, etc., complainant-respondent,

*v.*

PENN MOTORS CORPORATION, defendant-appellant.

[Submitted March 27th, 1925. Decided May 18th, 1925.]

1. Under the Transfer of Causes act, (*P. L. 1912 p. 417;* amended, *P. L. 1915 p. 39*) a court is authorized to direct a transfer only where it has no jurisdiction on the whole case.

2. A bill in equity charged that complainant had agreed, in writing, with defendant to convey land to defendant, taking back a purchase-money mortgage without interest for the full price of the land, and with the additional stipulation by defendant to build a factory on the property within six months, or in default thereof to reconvey the land. Deed and mortgage were delivered, apparently in the ordinary form. No factory was ever built. The bill charged fraudulent misrepresentation of the contents of the deed and mortgage, and prayed reformation and reconveyance. The vice-chancellor held no fraud proved. *Held*, there still remained in any event the equitable jurisdiction to determine whether there was an agreement to reconvey; that he should have dismissed the bill or directed specific performance and that a transfer to a court of law was erroneous.

On appeal from a decree advised by Vice-Chancellor Ingersoll.

*Mr. Clarence L. Cole,* for the appellant.

*Messrs. Bourgeois & Coulomb,* for the respondent.

The opinion of the court was delivered by

PARKER, J.

The appeal is from "so much of the order made in [the court of chancery] on, &c., as decrees that complainant has a cause of action on the written agreement set forth in the bill of complaint, and transfers the cause to the New Jersey supreme court * * * for trial." The real attack is not on the adjudication of a cause of action, but upon the order for transfer, based, of course, on the provisions of *P. L. 1912 p. 417,* as amended in *P. L. 1915 p. 39.* In examining into the propriety of this order it will be necessary to go somewhat into the facts of the case as pleaded and as found by the vice-chancellor on the evidence before him.

The bill was filed by Samuel Ireland, who died before the hearing, and the suit was continued in the name of his executrix. The bill charged that Ireland had been induced to convey the land therein described to the defendant under a written agreement which provided that the consideration was to be $4,500, secured by a purchase-money mortgage for

five years, drawing no interest, and the promise by the de-
fendant, contained in the agreement, that defendant would
erect an automobile assembling plant on the property within
six months from the date of the deed, in which case vendor's
security for the purchase-money would be adequate, and
that in default of defendant erecting such plant within that
period, defendant would reconvey the property; that the
deed and mortgage were executed and delivered, and defend-
ant was put into possession of the property, but that nothing
was ever done toward the building of the plant, though nearly
three years had elapsed; "that at the time of the delivery
of the deed and bond and mortgage, the agreement  *   *   *
was taken by the agents of" defendant, and complainant was
informed by them that the mortgage "covered the terms of
said previous agreement, which agreement has since been
lost." The bill charges false and fraudulent misrepresenta-
tion as to the contents of the mortgage; failure and refusal
to build the plant; that the mortgage papers, in fact, con-
tained only "references" to the agreement for reconveyances
(they were put in evidence but are not printed in the case):
tenders back the bond and mortgage upon a reconveyance, and
prays (1) that the deed be decreed to have been procured
by fraud and a reconveyance ordered; (2) that the mortgage
be reformed so as to embody the agreement to reconvey;
(3) injunction, subpœna, &c. The answer admitted the deed
and mortgage, denied fraud, and denied the existence of any
agreement to reconvey.

When the cause came to hearing, the claim of fraudulent
misrepresentation broke down, largely because the original
complainant had died and, consequently, his testimony could
not be taken. But the proof of the existence and contents
of the agreement (and that it was in writing) was satisfactory
to the vice-chancellor, as it is to us. He held, in an oral
deliverance which need not be reproduced here, that while
there was no fraud shown, yet the agreement (as we under-
stand his findings) was a live agreement on which complain-
ant was entitled to some relief, but that the only relief thereon
was in a court of law, and in the decree he adjudged that

*98 N. J. Eq.*   Ireland r. Penn Motors Corp.

the court of chancery was without jurisdiction, and directed the transfer as already stated.

Under the Transfer of Causes act, *ubi supra,* a court is authorized to direct a transfer only where it has no jurisdiction on the whole case. *Curran* v. *Carroll, 3 N. J. Adv. R. 603, 607.* There were, at least, three features of equity jurisdiction in the case at bar—(1) fraud, (2) reformation and (3) specific performance. Assuming for present purposes, but without deciding, that the elimination of fraud as a fact defeated any claim for reformation, and wiped out of the case those two features, there still remained the prayer for a reconveyance, which, if granted, would mean the specific enforcement of the reconveyance clause in the contract of sale, which, as the vice-chancellor must necessarily have found, was extraneous to the deed and mortgage, and, hence, if he was right in this, not merged in either. We refrain from passing on the merits of this point because it has not been argued, and, indeed, is not involved in the appeal. The question is whether the court had jurisdiction of it, and it is fundamental that it had. If the agreement was wholly merged in the deed and mortgage, and there was nothing said in either about a reconveyance, the court should have dismissed the bill; if, on the other hand, the reconveyance clause was not merged, but was still a live contract, as was apparently held below, then equity had full jurisdiction to decree specific performance. In neither event was it proper to shift the cause to a court of law.

The decree under appeal will be reversed, and the cause remanded for further proceeding in accordance with these views.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Trenchard, Parker, Minturn, Kalisch, Black, Katzenbach, Campbell, Lloyd, White, Gardner, Van Buskirk, Clark, McGlennon, Kays, JJ.   15.